# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV24 CDP |
| | ) | |
| SCOTT COUNTY ASSOCIATE | ) | |
| COURT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff's failure to comply with the Court's Order dated March 6, 2007, in which plaintiff was ordered to submit a copy of his prison account statement for the six-month period immediately preceding the filing of the petition for writ of mandamus. To date, plaintiff has not submitted a copy of his prison account statement. As a result, the complaint shall be dismissed pursuant to Fed. R. Civ. P. 41(b).

Additionally, the Court notes that it does not have jurisdiction over the petition. Plaintiff seeks an order from this Court directing the Scott County Associate Court and Prosecutor's Office to produce documents or electronic information relating to petitioner's arrest in October 2002. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing

or potential. 28 U.S.C.A. § 1651(a); <u>Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County</u>, 323 F.2d 485, 486 (8th Cir. 1963). The actions of the state court are not within the jurisdiction of this Court. <u>Middlebrooks</u>, 323 F.2d at 486. Consequently, the writ should also be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of mandamus is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED**.

Dated this 4th day of October, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE